Filed 1/29/15  P. v. Bragg CA2/3

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC MONTE BRAGG,<br><br>    Defendant and Appellant. | B257380<br><br>(Los Angeles County<br>Super. Ct. No. MA062642) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Eric Monte Bragg, appeals from the judgment entered following his plea of guilty to second degree robbery (Pen. Code, § 211)[1] and his admission that, as a juvenile, a petition alleging he had committed robbery (§ 211) had been sustained on or about June 15, 2011 and was now being considered a prior "strike" within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced Bragg to six years in state prison. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

1. *Facts*.

On or about March 29, 2014, Bragg and two codefendants took two bottles of Vodka from a Von's supermarket. When the manager approached the three young men, Bragg sprayed her in the face with pepper spray, causing her to suffer burns on her face and lip.

2. *Procedural history*

In a felony complaint filed April 7, 2014, Bragg was charged with one count of mayhem (§ 203) and two counts of second degree robbery (§ 211), during one of which he inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). It was further alleged he previously had been found to have committed the serious and violent felony of robbery within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds, (a)-(d)) and, finally, it was alleged that, should Bragg be found to have committed the offenses charged, any time imposed would be served in state prison pursuant to section 1170, subdivision (h)(3).

After waiving his constitutional rights and acknowledging the consequences of his plea and admission, Bragg pled guilty to one count of second degree robbery and admitted he previously had suffered a sustained juvenile petition which had alleged he committed a robbery. However, on his plea form, Bragg wrote: "I am admitting a juvenile prior 211[, robbery,] conditionally. After my admission, my attorney will review my prior strike and will bring any appropriate motions re[:] the validity of that prior. If

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

the prior is stricken by the court due to [its] invalidity, I will be allowed to withdraw my plea."

At proceedings held on May 15, 2014, Bragg waived "arraignment for judgment and state[d] there [was] no legal cause why sentence should not be pronounced." The trial court then imposed the midterm of three years in state prison for Bragg's conviction of one count of second degree robbery and three years in prison for his admission he previously had been found guilty of robbery pursuant to the Three Strikes law, for a total sentence of six years in state prison. The trial court noted Bragg was ineligible for housing in the county jail due to the nature of the charges and his prior criminal history (§ 1170, subd. (h)). The court awarded Bragg presentence custody credit for 43 days actually served and six days of good time/work time, or a total of 49 days, then recommended that he be placed in fire camp.

With regard to fines and fees, the trial court ordered Bragg to pay a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), an $1,800 restitution fine (§ 1202.4, subd. (b)), and a stayed $1,800 parole revocation restitution fine (§ 1202.45). In addition, Bragg was ordered to pay restitution to the victims. He was to pay $50 to the Von's store and $199 to the store manager (§ 1202.4, subd. (f)). All restitution payable to the victims was ordered joint and several with Bragg's two codefendants. After imposing the fines, the trial court dismissed all the remaining counts and allegations.

Bragg filed a timely notice of appeal on July 7, 2014. He indicated his appeal was "based on the sentence or other matters occurring after the plea that [did] not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)"

**CONTENTIONS**

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed October 29, 2014, the clerk of this court advised Bragg to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

3

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

EDMON, P. J.

ALDRICH, J.

4